IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

FILED
JAN 24 2025

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | CR 323-003 |
| | * | |
| GLADYS HARUN | * | |

O R D E R

On April 27, 2023, Defendant Gladys Harun entered into a plea agreement whereby she waived her right to collaterally attack her conviction and sentence except that she may claim ineffective assistance of counsel. Nevertheless, Defendant has made known that she intends to file a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 through several recent filings. Defendant is also aware that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for filing a § 2255 motion. In this case, because no direct appeal was filed, the statute of limitations period began to run fourteen days after the judgment was entered

on January 26, 2024,[1] i.e., February 9, 2024.  See 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1).

On January 2, 2025, the Court denied Defendant's motion to extend the time within which to file her § 2255 motion.  Rather than file her motion, Defendant has filed four additional motions.  The motion for reconsideration for extension of time within which to file the § 2255 motion (doc. no. 52) is summarily **DENIED**.

Defendant has moved to compel Jackson Hewitt Tax Service Company to "surrender various franchisee business documents."  The Court cannot discern any nexus between these documents and a claim of ineffective assistance of counsel, nor does Defendant provide one.  Accordingly, this motion to compel (doc. no. 54) is **DENIED**.

The remaining two motions are a motion to compel defense counsel to surrender their case files to Defendant and a motion to compel the Clerk of Court to provide certain documents to Defendant.

From the Clerk of Court, Defendant seeks a copy of the following documents:  (1) "motion of discovery"; (2) "warrants for seizing bank accounts"; and (3) "warrants for seizing her internet IPP address and downloading items from her online activity." (Doc. No. 53.)  An indigent defendant does not have an absolute

---

[1] While Defendant was sentenced on January 23, 2024, but the Judgment and Commitment Order was not entered until January 26, 2024.

2

constitutional right to a free copy of a transcript or a court record for use in a collateral proceeding. <u>Jefferies v. Wainwright</u>, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); <u>see also</u> <u>United States v. MacCollom</u>, 426 U.S. 317 (1976). Rather, a defendant must show that the requested transcript or document is necessary to decide an issue presented by suit or appeal. <u>See</u> 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); <u>see also</u> <u>United States v. Mitchell</u>, 2008 WL 824226 (M.D. Fla. Mar. 26, 2008) (stating that a criminal defendant is "not statutorily authorized, as a matter of course, to receive a copy of . . . documents free of charge post-appeal"). Here, Defendant does not have a pending collateral proceeding and thus, she cannot show that the requested documents are necessary to a particular claim. More specifically, in the absence of a § 2255 motion, the Court cannot assess the relevance that these requested documents would have to a claim of ineffective assistance of counsel. The Court will not provide documents anticipatorily. Accordingly, the motion to compel the Court to release the requested documents (doc. no. 53) is **DENIED**.

With respect to her attorneys, Defendant retained four attorneys in the case prior to sentencing. At sentencing, she was represented by a fifth attorney, who was appointed under the Criminal Justice Act. She has moved to compel the production of her case file from four of the five attorneys.[2] Defendant's motion to compel, however, suffers from the same problem as her other motions. Defendant has provided the Court with no specific basis to do so. Factually, Defendant has failed to explain what documents she seeks from a particular attorney that would be relevant to a particular claim. The Court has not even been apprised which of her five attorneys had been allegedly ineffective. The Court will not allow Defendant to conduct a "fishing expedition" in this manner. Moreover, it is unclear whether the Court has the authority to issue an order in a closed criminal case to attorneys who no longer represent a defendant. The proper course of action is for Defendant to file a habeas petition under 28 U.S.C. § 2255 and invoke the civil discovery process upon a showing of good cause. In other words, absent a legitimate issue *before the Court* for which the attorney's case file is material, a client's request for her attorney's case file is a matter better left to the attorney and the client. Upon the

---

[2] Defendant does not name Attorney Teri Lee Thompson in her motion to compel.

4

foregoing, Defendant's motion to compel production of her case files from her prior attorneys (doc. no. 51) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE