IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

GLADYS HARUN,                        )
                                     )
        Petitioner,                  )
                                     )
    v.                               )        CR 323-003
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. nos. 85, 87-1.) In his detailed and thorough recommendation on Petitioner's motion filed pursuant to 28 U.S.C. § 2255, the Magistrate Judge reviewed Petitioner's ten claims, concluded Petitioner was not entitled to relief, and explained that no evidentiary hearing or expansion of the record was necessary because the existing record was sufficient to evaluate the merits of the case. (See doc. no. 77.) None of the objections from counsel or Petitioner have merit, but one issue warrants further comment.

_____

[1]The Court **GRANTS** the Motion for Leave to File Petitioner's Objections, (doc. no. 85), and considers the objections attached thereto at pages four through seven. Likewise, in an abundance of caution, the Court exercises its discretion to accept Petitioner's untimely, *pro se* objections and **GRANTS** the motion for Leave to File Supplemental Objections. (Doc. no. 87.) The Court **GRANTS** Petitioner's request to terminate Attorney Rodney Zell as her counsel of record as of the date of this Order and **DIRECTS** the **CLERK** to strike attorney Rodney Zell from the docket and terminate the motion associated with the request to proceed *pro se*. (Doc. no. 86.)

As Petitioner did in her § 2255 motion and request to supplement the record, the objections continue to argue documentation regarding how Petitioner spent the money fraudulently obtained is relevant to the calculation of the restitution amount and sentencing counsel's performance, and Petitioner seeks to expand the record with documents and evidence developed at a hearing to make her point. (See doc. no. 85, pp. 4-7; doc. no. 87, pp. 3, 4; doc. no. 87-1, pp. 2, 6, 10, 12-17.)  The Magistrate Judge explained at length, however, why Petitioner was not entitled to supplement the record or obtain relief on her ineffective assistance counsel claims with respect to sentencing, and in particular the restitution calculation.[2]  (See doc. no. 77, pp. 22-23, 39-45; see also id. at 11-16 (describing actual loss and restitution calculation in PSI and objections raised at sentencing and quoting, "With respect to questions of how monies were spent, it may seem important to [Petitioner], but it is unimportant to the Court because these loans, forgivable or not or grants, EIDL, PPP or otherwise were obtained generally by false pretenses, false statement which is the offense to which she plead guilty (citation omitted)).  In sum, nothing in the objections undermines the analysis in the Report and Recommendation.

Accordingly, the Court **OVERRULES** all of Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion.  Therefore, the Court **DENIES** the motions to supplement the record prior to ruling on the motion to dismiss, (doc. nos. 72, 73), **GRANTS** Respondent's motion to dismiss, (doc. no. 68), and **DISMISSES** Petitioner's motion filed pursuant to § 2255, (doc. no. 57), without holding an evidentiary hearing.

---

[2]The Court observes the premise of the argument that the records Petitioner requests to add to the record were presented to counsel prior to sentencing is undermined by her description in the supplementation motion of "newly obtained documentary evidence." (Doc. no. 72, p. 1.)

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of her motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this case and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this ___8th___ day of ___July___, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[3] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3